UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------- x
                                                   :
ANTHONY ACAMPORA                                   : Civil Action No. 24-cv-1296
on behalf of himself and                           :
similarly situated employees,                      :
                                                   : INDIVIDUAL AND
            Plaintiff,                             : COLLECTIVE/CLASS
                                                   : ACTION COMPLAINT
               v.                                  :
                                                   :
PNC BANK,                                          : Jury Trial Demanded
                                                   :
            Defendant.                             : Electronically Filed
                                                   :
-------------------------------------------------- X
```

## INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and an individual and class action under the New York Labor Law (NYLL), and FRCP 23 to recover damages for non-payment of overtime wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part in Pittsburgh, Pennsylvania, where Defendant has its headquarters and in New York, New York, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff Anthony Acampora** resides at 155 Wirt Avenue, Staten Island, NY 10309. Plaintiff worked for Defendant PNC Bank as a Mortgage Loan Officer (hereinafter referred to as "MLO") from his home from in or about November 2018 until on or about September 23, 2022.

5. **Defendant PNC Bank,** a national banking and financial services company, maintains its corporate headquarters at 300 Fifth Avenue, The Tower at PNC Plaza, Pittsburgh, PA 15222, and operates offices in the Commonwealth of Pennsylvania, the state of New York and throughout the United States.

6. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

7. Defendant employs in excess of 500 full time employees.

8. Defendant has annual revenues in excess of $150 billion.

9. Defendant has regularly employed individuals in the Commonwealth of Pennsylvania, the State of New York and more than two dozen other states in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the FLSA, Pennsylvania wage and hour laws, New York Labor Law and the wage and hour laws of the other states where it operates.

10. The actions, policies, practices and customs alleged to be unlawful originated in and were directed by headquarters in Pittsburgh, PA.

## Statement of Claims

11. Plaintiff was a MLO from in or about November 2018 until on or about September 23, 2022.

12. Plaintiff worked from his home on Staten Island, NY.

13. There have been over 500 MLOs employed by Defendant company-wide since July 2021.

14. There have been over 50 MLOs working in New York for Defendant since July 2018.

15. Plaintiff was a W-2 employee.

16. The other MLOs company-wide as well as in New York have been W-2 employees.

17. Plaintiff was an employee within the meaning of the FLSA and the NYLL.

18. The other MLOs have been employees within the meaning of the FLSA, the NYLL (New York-employed MLOs) and the laws of the other states where PNC employs MLOs.

19. Plaintiff was paid a salary of $3,000 per month.

20. The other MLOs are and have been paid a salary at or near $3,000 per month.

21. Plaintiff was paid a commission based on sales of mortgage loan products.

22. The other MLOs are and have been paid a commission based on sales of mortgage loan products.

23. Plaintiff was non-exempt within the meaning of the FLSA and the NYLL.

24. The other MLOs are and have been non-exempt within the meaning of the FLSA, the

NYLL (New York-employed MLOs) and the wage and hour laws of other states where Defendant employs MLOs.

25. Defendant maintains a corporate-wide time-keeping system.

26. Plaintiff and the other MLOs were instructed to utilize this time-keeping system.

27. Plaintiff and the other MLOs, however, were discouraged from recording the actual time worked.

28. As a matter of common policy, practice and custom Plaintiff and the other MLOs normally recorded only 35-40 hours of time worked.

29. Plaintiff regularly worked more than 40 hours in workweeks.

30. Despite this, Plaintiff normally recorded only 35-40 hours worked in most workweeks.

31. The other MLOs regularly have worked more than 40 hours in workweeks.

32. Despite this, the other MLOs have normally recorded only 35-40 hours in most workweeks.

33. Defendant knew that Plaintiff was working more hours than recorded in the company-wide time-keeping system.

34. Defendant knew this based on the digital work applications Plaintiff was required to use in performance of his duties.

35. Defendant also knew this from emails, phone records and other forms of electronic communications.

36. Defendant has known that the other MLOs are and have been working more hours than recorded in the company-wide time-keeping system.

37. Defendant has known this based on the digital work applications the other MLOs are and

4

have been required to use in performance of their duties.

38. Defendant has also known this from emails, phone records and other forms of electronic communications.

39. Plaintiff and the other MLOs have been required to use the same PNC work applications and other forms of electronic communications.

40. As a result of common policies, practices and customs Plaintiff and the other MLOs have worked off-the-clock for Defendant.

41. Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the hours worked in excess of forty hours in workweeks.

42. The other MLOs are and have been entitled to payment of overtime at one-and-one-half times their regular rate of pay for the hours worked in excess of forty hours in workweeks.

43. Plaintiff and the other MLOs are and have also been entitled to payment of overtime wages on the commissions earned.

44. Defendant, a sophisticated employer with knowledge of its obligations under the FLSA, the NYLL and other state wage and hour laws, has and continues to understand it is required to maintain accurate records of time worked by Plaintiff and the other MLOs.

45. Defendant, as a sophisticated employer with knowledge of its obligations under the FLSA, the NYLL and other state wage and hour laws, has understood it has been and continues to be prohibited from requiring or suffering to permit Plaintiff and the other MLOs from working "off-the-clock."

46. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

## COUNT I:  VIOLATION OF THE FLSA: FAILURE TO PAY OVERTIME
### Individual and Collective Action (Company-Wide)

47. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

48. Plaintiff and all other similarly situated MLOs (company-wide) have been unlawfully denied overtime wages at the proper overtime rate.

49. For at least the past three years, Defendant's violations of the FLSA have been knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

50. Plaintiff and all other similarly situated MLOs are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

51. Plaintiff and all other similarly situated MLOs are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME
### Individual and Class Action (New York)

52. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

53. Plaintiff and all other similarly situated MLOs (New York-employed MLOs) have been unlawfully denied overtime wages at the proper overtime rate.

54. Since January 12, 2018[1], Defendant has violated the NYLL's overtime requirements.

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

55. Plaintiff and all other similarly situated MLOs (New York-employed MLOs) are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

56. Plaintiff and all other similarly situated MLOs (New York-employed MLOs) are also entitled to recover liquidated damages, interest, and attorneys' fees and costs under the NYLL.

### COUNT III:  VIOLATION OF THE NYLL: FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### Individual and Class Action (New York)

57. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

58. Since January 12, 2018, Defendant failed to supply Plaintiff and the similarly situated MLOs (New York-employed MLOs) with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

59. Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiff and the similarly situated MLOs (New York-employed MLOs) are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## COUNT IV: VIOLATION OF THE NYLL: FAILURE TO PROVIDE PROPER WAGE NOTICES
### Individual and Class Action (New York)

60. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

61. Since January 12, 2018, Defendant has failed to supply Plaintiff and the similarly situated MLOs (New York-employed MLOs) with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

62. Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the similarly situated MLOs (New York-employed MLOs) are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff and all others similarly situated MLOs respectfully request that this Court:
    A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated MLOs;

B. Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated MLOs;

C. Order Defendant to pay Plaintiff and the similarly situated MLOs (New York-employed MLOs) penalties under the NYLL;

D. Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff and the similarly situated MLOs (New York-employed MLOs) with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the similarly situated MLOs (New York-employed MLOs) with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

F. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated MLOs; and

G. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ Joseph H. Chivers
**THE EMPLOYMENT RIGHTS GROUP, LLC**
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994


**FITAPELLI & SCHAFFER LLP**
Brian S. Schaffer
NY ID No. 4184537
Dana M. Cimera
NY ID No. 5486220
28 Liberty Street, 30th Floor

                                                                     New York, New York 10005
                                                                     bschaffer@fslawfirm.com
                                                                      Tel: (212) 300-0375
                                                                       Fax: (212) 481-1333
                                                                       *Pro Hac Vice* application forthcoming

                                                                       *Counsel for Plaintiff*
Dated: September 11, 2024                  *and all others similarly situated*